UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eli Adams, an individual, and
Reyna Balboa, an individual,

Court File No. 0:26-cv-02415-JMB-SGE

Plaintiffs,

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION
REGARDING CONTINUED SEALING**

v.

Peter Innes, an individual,

Defendant.

Plaintiffs Eli Adams and Reyna Balboa are the owners and operators of the Roblox game known as "Forsaken."  Adams and Balboa became owners when the parties to this suit executed a Transfer Agreement on June 29, 2025.  Section 9(a) of this Transfer Agreement provides, in relevant part:

> With the exception of Section 9(d), the Parties agree that this Agreement will be treated as confidential, and that they will not disclose the terms of this Agreement or any business or strategic information of the other Party and its affiliates, to any third-party without the prior written consent of the non-disclosing Party in each instance. . . . For the avoidance of doubt, the purchase price shall be a confidential term of this Agreement.

Section 9(a) permits disclosure of terms as required by court.  Pursuant to this exception, plaintiffs have disclosed the above language.

Local Rule 5.6(c) authorizes a party to seek temporary sealing of a document containing information that "has been designated as confidential or proprietary by another party, by a nonparty, or under a non-disclosure agreement or protective order." LR 5.6(c)(1)–(3).  Plaintiffs have, accordingly, publicly filed a redacted version of the

200064580v2

Complaint to protect information designated confidential under Section 9(a) of the Transfer Agreement. Additionally, Plaintiffs have filed the contract itself under seal as per the parties' agreement.

Plaintiffs have made redactions to the Complaint as narrow as possible. The Complaint itself remains generally open to public inspection; every claim is public and the nature of the parties' commercial relationship remains fully disclosed. Plaintiffs have even left unredacted less sensitive portions of the Complaint that state terms of the Transfer Agreement, as permitted by Section 9(a) and Section 9(d). The redactions cover only the most sensitive terms of the Transfer Agreement that the parties have specifically designated as confidential, like monetary payments terms, disclosure of which could harm the parties' competitive position with respect to other Roblox developers. The actual Transfer Agreement, however, is impractical to redact simply due to the sheer amount of redactions which would be necessary.

## CONCLUSION

To protect their sensitive commercial information, the parties agreed to keep the terms of the Transfer Agreement confidential. Plaintiffs seek to honor that arrangement by filing a redacted Complaint that protects the most sensitive terms in their Agreement. And the agreement itself should remain under seal due to the impracticability of redaction. Plaintiffs respectfully request that the Court maintain under seal the narrowly redacted portions of their Complaint.

200064580v2

Dated:  May 1, 2026                   **TAFT STETTINIUS & HOLLISTER LLP**

By:  s/ *Andrew S. Dosdall*
    Andrew S. Dosdall, Bar No. 0391076
    ADosdall@Taftlaw.com
2200 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2210
Telephone:  (612) 977-8400
Facsimile:    (612) 977-8650

and

Joseph M. Levy, OSB #231905
(*Pro Hac Vice* Forthcoming)
JosephLevy@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

*Attorneys for Plaintiffs*
*Eli Adams and Reyna Balboa*

3