**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Eli Adams, an individual, and
Reyna Balboa, an individual,

      Plaintiffs,

v.

Peter Innes, an individual,

      Defendant.

Court File No. 0:26-cv-02415 (JMB/SGE)

**DEFENDANT PETER INNES'**
**MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFFS'**
**MOTION FOR CONTINUED**
**SEALING**

---

## INTRODUCTION

Plaintiffs' motion for continued sealing of redacted portions of the Complaint and the Forsaken Transfer Agreement attached as Exhibit A to the Complaint is meritless and should be denied. The confidentiality clause relied upon by Plaintiffs includes an exception permitting disclosure "in connection with the enforcement of [the] Agreement or any rights arising under [the] Agreement." Plaintiffs' allegations in the Complaint seek enforcement of the agreement triggering this exception. In addition, the presumption of public access applies both to the allegations in Plaintiffs' Complaint and to the Forsaken Transfer Agreement Plaintiffs seek to enforce. Public access is necessary here because there is substantial public interest in Plaintiffs' allegations in the Complaint and the terms of the Forsaken Transfer Agreement. This is particularly so given the tens of thousands of individuals who regularly engage with the Forsaken player experience, based on publicly

1

available Roblox platform data, independent of either party. For these reasons, Plaintiffs fail to rebut the presumption in favor of public access. The motion should be denied.

## BACKGROUND

Plaintiffs' Complaint alleges claims for declaratory judgment regarding the Forsaken Transfer Agreement and three (3) separate claims for breach of contract also regarding the Forsaken Transfer Agreement. Compl. at ¶¶ 35-59, Dkt. No. 1. Accordingly, Plaintiffs unambiguously seek to enforce certain provisions of the Forsaken Transfer Agreement.

In their memorandum of law in support of their motion for continued sealing ("Mot."), Plaintiffs quote the confidentiality clause in paragraph 9(a) of the agreement as follows:

> With the exception of Section 9(d), the Parties agree that this Agreement will be treated as confidential, and that they will not disclose the terms of this Agreement or any business or strategic information of the other Party and its affiliates, to any third-party without the prior written consent of the non-disclosing party in each instance . . . . For the avoidance of doubt, the purchase price shall be a confidential term of this Agreement. Mot. at 1.

Mot. at 1, Dkt. No. 8.

The ellipsis Plaintiffs inserted above omitted the following exceptions to the confidentiality terms:

> Notwithstanding the foregoing, **each Party may disclose the terms of this Agreement, to the extent necessary**: (i) as required by any court or other governmental agency; (ii) as required by law; (iii) in confidence, to a Party's legal counsel, accountants, and other professional advisors; (iv) in confidence, to banks and other financial institutions; and (v**) in connection with the enforcement of this Agreement or any rights arising under this Agreement.**

Compl. Ex. A, Dkt. No. 1 (emphases added).

## ARGUMENT

There is a "common-law right of access to judicial records," including civil complaints. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right of access "bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings . . . and 'to keep a watchful eye on the workings of public agencies.'" *Id*. (internal citation omitted) (quoting *Nixon*, 435 U.S. at 598). But the right of access "is not absolute." *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co*., 898 F.2d 1371, 1376 (8th Cir. 1990). Where the right is implicated, a district court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp*., 709 F.3d at 1223.

The party seeking to keep records under seal has the burden to provide "compelling reasons" to overcome the presumption of public access. *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). Accordingly, "the mere fact that information has been designated as confidential by the parties is not alone an adequate basis to justify indefinite sealing." *Kogut ex rel. UnitedHealth Grp. Inc. v. Hemsley*, No. 25-cv-2562 (JMB/DJF), 2025 WL 2976534, at *1 (D. Minn. Oct. 21, 2025).

Plaintiffs base their motion principally on the confidentiality terms in paragraph 9 of the Forsaken Transfer Agreement. Mot. at 1, Dkt. No. 8. In quoting language from

paragraph 9, however, Plaintiffs omit that the agreement explicitly permits disclosure of the agreement terms "**in connection with the enforcement of this Agreement or any rights arising under this Agreement.**" Compl. Ex. A, Dkt. No. 1 (emphasis added). Plaintiffs filed the instant complaint to enforce provisions of the agreement against Mr. Innes.

Despite omitting it in their quotation from paragraph 9, Plaintiffs invoke that very exception to publicly disclose terms from the Forsaken Transfer Agreement. Mot. at 1, Dkt. No. 8; *see also, e.g.*, Compl. at ¶ 22 (quoting paragraph 2(a) of the Forsaken Transfer Agreement), Dkt. 1. Having relied on the agreement's disclosure exceptions themselves, Plaintiffs cannot then invoke the same clause to cherry-pick which items are subject to public disclosure for their advantage. For this reason, the motion should be denied.

Plaintiffs' assertion that continued sealing is necessary to "protect their sensitive commercial information" fails to explain why or how public disclosure of the monetary terms of the agreement would do harm to Plaintiffs. The Forsaken Transfer Agreement contains no confidential or sensitive information typical when requesting sealing of judicial records like a civil complaint. The price paid for an asset, whether a share of stock in a company, a piece of real estate, or a controlling interest in a venture, is rarely secret or confidential. Courts in this district recognize that "'[o]n its face, the information [Plaintiffs] seek to file under seal is not the type of sensitive information that might typically be subject to an order to seal, such as financial data, proprietary or trade secret information, or personal health details.'" *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1049 (D. Minn. 2021) (quoting *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977,

981 (D. Minn. 2016)). Plaintiffs instead seek Court intervention to enforce an agreement they concurrently want to keep secret to avoid scrutiny of their allegations, assertions, and any result in this dispute. Plaintiffs' desire to prosecute their action in secret fails to rebut the presumption in favor of public access. For this reason as well, the motion should be denied.

Separately, Plaintiffs' proposed redactions are not confined to price terms as Plaintiffs argue. Instead, they conceal the structure of the transaction itself, including the source and circular flow of the consideration Plaintiffs allege supports the agreement. These are not the "sensitive commercial information" Plaintiffs invoke; they are operative facts that go to the validity and enforceability of the agreement Plaintiffs ask this Court to enforce. Mr. Innes's anticipated counterclaims and affirmative defenses, to be set forth in his forthcoming responsive pleading, will place that transactional structure squarely at issue. Sealing those facts would allow Plaintiffs to prosecute their enforcement action in the open while concealing from public view the very terms on which Mr. Innes's defenses and counterclaims depend. The presumption of public access does not permit such one-sided secrecy, and Plaintiffs offer no compelling reason to justify it. For this additional reason, the motion should be denied. At most, and only if any sealing is warranted, redactions should be limited to the true price or numerical terms of the agreement and may not extend to the structure of the transaction or the nature of the consideration.

For the avoidance of doubt, Mr. Innes disputes the validity of the Forsaken Transfer Agreement for reasons that will be set forth in his responsive pleadings. However, to the

extent the agreement is deemed valid, it explicitly permits disclosure "in connection" with Plaintiffs' action to enforce the agreements against Mr. Innes.

## CONCLUSION

The confidentiality clause Plaintiffs rely upon for their motion to seal is inapplicable because Plaintiffs seek to enforce the agreement against Mr. Innes, thus triggering the exception language in the agreement. In addition, Plaintiffs fail to present sufficient justification for sealing to overcome the presumption of public access. For both of these reasons the motion for continued sealing should be denied.

Dated: June 11, 2026

Respectfully submitted,

*/s/ Erin Westbrook*
Erin Westbrook (MN #0393072)
**SAUL EWING LLP**
90 South Seventh Street, Suite 3900
Minneapolis, MN 55402
(612) 225-2946
erin.westbrook@saul.com

and

Stephen A. Cazares (CAB #201864)
(Pro Hac Vice Forthcoming)
Jonathan Loiterman (OSB #170704)
IARDC#: 6297053
(Pro Hac Vice Forthcoming)
**FOUNDATION LAW GROUP LLP**
4100 W. Alameda Avenue, 3rd Floor
Burbank, CA 91505
(541) 930-2688
scazares@foundationlaw.com
jon.loiterman@foundationlaw.com

*Attorneys for Defendant Peter Innes*

7