UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eli Adams, an individual, and Reyna Balboa, an individual,<br><br>      Plaintiffs,<br><br>v.<br><br>Peter Innes, an individual,<br><br>      Defendant. | Court File No. 0:26-cv-02415-JMB-SGE<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION REGARDING CONTINUED SEALING** |

**REPLY**

Plaintiffs seek to keep confidential the most sensitive terms of the Transfer Agreement. In executing this Agreement, the parties agreed to a confidentiality clause precisely because the details of the arrangement, including the monetary payment term and deal structure, are commercially sensitive and public release will cause irreparable harm to their future business interests. (Compl. ¶ 46 (citing Agreement § 9(c)). Recognizing the public right to access court records, plaintiffs balanced their interest in confidentiality against that right and filed a public Complaint with only minor redactions as to the core structure and price term of the Agreement. Plaintiffs should not be forced to eviscerate the agreed-upon confidentiality in order to enforce the Agreement.

In opposing plaintiffs' motion, Innes misreads the confidentiality clause of the Agreement. The Agreement *permits* disclosure of the Agreement terms "to the extent necessary: . . . in connection with the enforcement of [the] Agreement," but it does not *require* disclosure of every term of the Agreement to enforce any term of the Agreement.

(Compl., Ex. A at § 9(a).)  Plaintiffs request that this Court not require the parties to disclose the terms of this Agreement, as courts in this district have recognized the propriety of sealing contracts that contain a confidentiality clause.  *See Tile Shop Holdings, Inc. v. Allied World Nat'l Assurance Co.*, No. 17-cv-776 (ADM/TNL), 2019 WL 2136146 at *1 (D. Minn. May 16, 2019) ("[I]t is proper to seal documents that Plaintiff has identified as containing confidentiality clauses, as well as those documents that Plaintiff claims contain proprietary information.").

Innes separately argues that his response to the Complaint will rely upon confidential facts, and so the Agreement should be unsealed.  This has no bearing on the right of public access.  Courts evaluate the right public access in terms of public understanding about how the Court makes its decisions by allowing members of the public to "evaluate the reasonableness and fairness of judicial proceedings," not based on how it will implicate the storytelling of the parties.  *Architectural BusSTRUT Corp. v. Target Corp*, No. 19-cv-968 (DSD/ECW), 2021 WL 5992308 at *1 (D. Minn. Jul. 19, 2021) quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).  That right of access is thus weighed against "the role of the material at issue in the exercise of Article III judicial power and the value of that information to those monitoring the federal courts."  *Kogut on behalf of UnitedHealth Group Inc. v. Hemsley*, No. 25-cv-2562 (JMB/DJF), 2025 WL 2976534 at *1 (D. Minn. Oct. 21, 2025).  Put differently, the public's interest is "in understanding the reasoning behind [the Court's] decision[s]" and is not concerned with the right of litigants to be perceived.  *Seamon v. Midwest Bonding, LLC*, No. 24-cv-00082 (NEB/ECW), 2025 WL 847829 at *3 (D. Minn. Mar. 18, 2025).

2

So, "[w]hen a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint, the public's interest in access to the document is weaker and 'the weight of the presumption [of public access] is low and amounts to little more than a prediction of public access absent a countervailing reason." *Architectural BusSTRUT*, 2021 WL 5992308 at *2 (quoting *IDT*, 709 F.3d at 1224); *see also R.L. Mlazgar Assocs. Inc., v. Focal Point, LLC*, No. 22-cv-942, 2024 WL 4608871 at *1 ("Non-dispositive motions generally are afforded a lower or weaker presumption of public access than proceedings in which a district judge exercises Article III power to determine the merits of a case."). Conversely, the weight of the presumption of public access is greater when a ruling on the merits is at issue. *Architectural BusSTRUT*, 2021 WL 5992308 at *2 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2nd Cir. 2006) and *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781, 2014 WL 12597948 at *8-9 (D. Minn. Oct. 14, 2014)). *See also Vectair Sys. Inc. v. Fresh Prods., Inc.*, No. 24-cv-01454 (JMB/ECW), 2025 WL 1592341 at *1 (maintaining a seal at an early point in litigation but noting that it may unseal the information "in the future to the extent that it is filed and considered by the Court with respect to future dispositive motions.").

When the public's interest in a document is weaker and the records contain "sensitive or propriety business information that is competitively sensitive or contractually subject to nondisclosure[,]" a party's legitimate interest in confidentiality outweighs the public's qualified right of access to those judicial records. *BLST Northstar, LLC v. Santander Consumer USA, INC.*, No. 22-cv-2210 (PAM/DJF), 2024 WL 4799847 at *3 (D. Minn. Nov. 15, 2024). For this reason, courts are well within in their rights to "insure

3

that its records are not used to gratify private spite or promote public scandal[,] . . .[to] refuse[] to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978) (internal citations omitted).

Here, the parties have not yet asked the Court to render any decision on the merits, so the weight of the presumption of public access remains low. *Architectural BusSTRUT*, 2021 WL 5992308 at *2. That "low" weight should be overcome by a "countervailing reason," such as Plaintiffs' interest in protecting competitive financial information and sensitive contractual arrangements which are contractually subject to nondisclosure. *See Architectural BusSTRUT*, 2021 WL 5992308 at *2; *BLST Northstar*, 2024 WL 4799847 at *3; *Nixon*, 435 U.S. at 598 (courts are within their discretion to seal, "business information that might harm a litigant's competitive standing"); *Tile Shop Holdings*, 2019 WL 2136146 at*1 (noting that documents with confidentiality clauses and containing proprietary information are "proper" for the court to seal).

Plaintiffs have pleaded and submitted to the Court under seal a true and correct copy of the Transfer Agreement that contains a confidentiality clause, which plaintiffs ask this Court to enforce. It is proper to maintain that seal, pending resolution of the dispute. Requiring Innes to keep confidential the commercially sensitive terms of the Agreement will not impair Innes' ability to plead his defense, or ultimately, to obtain adjudication of his anticipated counterclaims on the merits. Plaintiffs' legitimate interest in confidentiality overrides the public right of access to specific provisions of the Agreement. Plaintiffs have

4

disclosed multiple provisions of the Agreement in the Complaint that are not commercially sensitive, seeking to balance public access with competitive harm.  For these reasons, plaintiffs respectfully request that the Court grant its motion to continue sealing the unredacted Complaint and Exhibit A to that Complaint.[1]

## CONCLUSION

Because the Transfer Agreement contains a confidentiality clause that plaintiffs seek to enforce, and plaintiffs' redacted Complaint satisfies the presumption of public access, the Court should grant plaintiffs' motion to continue sealing the unredacted Complaint and Exhibit A thereto pursuant to Local Rule 5.6(c).

---

[1] If the Court will not allow Exhibit A to be sealed in its entirety, plaintiffs request that they be permitted to file a redacted version of Exhibit A to prevent the most sensitive commercial terms from being revealed publicly.

300253745v2

Dated: June 18, 2026

**TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ Andrew S. Dosdall*

Andrew S. Dosdall, Bar No. 0391076
ADosdall@Taftlaw.com
2200 IDS Center 80 South 8th Street
Minneapolis, MN 55402-2210
Telephone: (612) 977-8400
Facsimile: (612) 977-8650

and

Joseph M. Levy, OSB #231905 (*Pro Hac Vice*)
JosephLevy@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

*Attorneys for Plaintiffs*
*Eli Adams and Reyna Balboa*

6

300253745v2