# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Eli Adams et al.,                                    Case No. 26-cv-2415 (JMB/SGE)

        Plaintiffs,

   v.                                    **ORDER ON MOTION FOR**
                              **CONTINUED SEALING**

Peter Innes,

        Defendant.

---

This matter is before the Court on the Plaintiffs' Motion for Continued Sealing of the Complaint and Exhibit A, a Transfer Agreement, both filed under temporary seal pursuant to Local Rule 5.6(e). (Dkt. 4; Dkt. 1 (Complaint), Dkt. 1-1 (Transfer Agreement).) Plaintiffs argue that continued sealing is appropriate because there is a confidentiality clause that designates information in the Transfer Agreement confidential and because the information designated confidential by that clause is commercially sensitive. (Dkt. 4, Dkt. 18.) Defendant opposes continued sealing arguing that an exception to the clause exists and that public access is necessary because there is "substantial public interest in Plaintiff's allegations in the Complaint and the terms of the Forsaken Agreement." (Dkt. 15 at 1.)

"As a threshold matter, the mere fact that information has been designated as confidential by the parties is not alone an adequate basis to justify indefinite sealing." *Kogut on behalf of UnitedHealth Grp. Inc. v. Hemsley*, No. 25-CV-2562 (JMB/DJF), 2025 WL 2976534, at * 1 (D. Minn. Oct. 21, 2025) (citing *Seamon v. Midwest Bonding, LLC*, No. 24-cv-82 (NEB/ECW), 2025 WL 847829, at *1 (D. Minn. Mar. 18, 2025)). Instead,

1

"all documents properly filed by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021).  "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint that has not been adjudicated, the public's interest in access to the document is weaker and 'the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.'" *NUWAY All. v. Gandhi*, No. 25-CV-00492 (JRT/ECW), 2025 WL 918641, at * 1 (D. Minn. Mar. 26, 2025) (quoting *IDT. Corp*, 709 F.3d at 1224).

Here, the sealed documents currently play no role in the exercise of Article III power, thus the interest in confidentiality is afforded greater deference. *IDT Corp.*, 709 F.3d at 1224; *NUWAY All*, 2025 WL 918641, at * 1. Given the lower presumption of public access afforded to non-dispositive matters, combined with Plaintiffs' interest in keeping the financial information contained in the Agreement confidential, the Court determines that continued sealing at this time is appropriate. *See BLST Northstar*, 2024 WL 4799847 at *3 (explaining courts have discretion to keep under seal, "business information that might harm a litigant's competitive standing"); *Tile Shop Holdings, Inc. v. Allied World Nat'l Assurance Co.*, No. 17-CV-776 (ADM/TNL), 2019 WL 2136146, at

2

* 1 (D. Minn. May 16, 2019) (noting that documents with confidentiality clauses and containing proprietary information are "proper" for the court to seal); *Hemsley*, 2025 WL 2976534, at * 1 (finding that continued sealing was appropriate where the sealed documents in question did not play a role in exercise of Article III power and the terms of the parties' confidentiality agreement covered the documents). However, the Court emphasizes that this decision is not determinative as to whether this information will remain sealed in the future if dispositive motions are filed and the information is considered to resolve the dispositive motion. *See Cake Love Co. v. AmeriPride Servs., LLC,* No. 22-CV-1301 (PJS/ECW), 2023 WL 5277009, at * 1 (D. Minn. June 22, 2023) (citing *In re Baycol Prods. Litig.*, No. 08-CV-5758 (MJD/ECW), 2021 WL 1893897, at * 4 (D. Minn. May 11, 2021)).

## ORDER

Based on the motion and the documents filed under seal, as well as all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Continued Sealing (Dkt. 4) is **GRANTED**.

2.  The Clerk of Court is directed to keep the following documents under seal: Dkt. 1, Dkt. 1-1.

Dated: July 1, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

3