UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eli Adams, an individual, and Reyna Balboa, an individual, | Court File No. 0:26-cv-02415-JMB-SGE |
| Plaintiffs, | **RULE 26(F) REPORT** |
| v. | |
| Peter Innes, an individual, | |
| Defendant. | |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on July 24, 2026, and prepared the following report.

The initial pretrial conference in this matter is scheduled for August 6, 2026, before United States Magistrate Judge Shannon G. Elkins, in Courtroom 9E of the Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota via Zoom – audio only.

## DESCRIPTION OF CASE

1. **Concise factual summary of Plaintiff's claims;**

Plaintiffs executed a sales agreement with defendant to purchase a popular online video game. After signing the agreement, defendant changed his mind about the sale and sought to have the game returned. Plaintiffs have not agreed to unwind the agreement,

Page 1 –      **RULE 26(F) REPORT**

and seek a declaration that it is valid and enforceable (and that they are not in breach of the agreement).

The agreement between plaintiffs and defendant contains a non-disclosure provision. Defendant has publicly disclosed the terms of the agreement on at least two occasions. Plaintiffs seek damages of at least $100,000, pursuant to the liquidated damages term in the agreement.

The agreement also contains a non-disparagement clause. Defendant has repeatedly disparaged plaintiffs, and they seek at least $100,000 for these breaches as well.

Finally, the agreement contains a provision requiring defendant to perform reasonable further acts required by the agreement. Defendant breached this clause, including by failing to provide certain account access and communicating with Roblox in a manner that has impeded the transfer of all aspects of the game. Damages are an inadequate remedy for this third claim, so plaintiffs seek specific performance of defendant's obligations under that agreement.

2. **Concise factual summary of Defendant's claims/defenses;**

Peter Innes created *Forsaken*, a highly successful Roblox game with more than 84 million players and millions in revenue, as a minor teenager. After a May 2025 viral YouTube video falsely accused him of distributing child sexual exploitation material—

Page 2 –    **RULE 26(F) REPORT**

when in fact he was a victim of childhood sexual abuse—Peter faced intense harassment and threats.  During that crisis, plaintiffs—at the time, two trusted community members, Eli Adams and Reyna Balboa—exploited Peter's vulnerability rather than correcting the narrative.  *Forsaken's* Discord servers (a community hub Peter built to more than one million members and used to manage both players and the development team) became central to their alleged scheme.

Specifically, Adams proposed obtaining temporary control of the *Forsaken* Discord servers after assuring Peter it was only to help during the crisis.  But Adams then immediately banned Peter and falsely announced that Adams and Balboa were permanent owners.  By cutting Peter off from his team and community, they disrupted his ability to manage the game and pursue third-party sale discussions, then used that leverage to coerce him—barely 18, unrepresented, and presented with an agreement after midnight—into signing a June 29, 2025 "Transfer Agreement."  The Agreement purported to transfer *Forsaken*'s IP and 60% of revenues to Adams and Balboa.  It also purported to have the "purchase price" paid out of *Forsaken*'s own funds, which Peter was required to surrender.  In other words, plaintiffs did not pay one cent despite assets valued in the millions.  And despite surrendering the funds, the price was never paid.  Peter's counterclaims seek rescission or invalidation of the agreement, return of control and

**Page 3 –     RULE 26(F) REPORT**

revenues, damages, and an accounting, among other claims related to plaintiffs' theft of Peter's intellectual property and other assets.

3.      **Statement of jurisdiction (including statutory citations);**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).  The parties are completely diverse, and the matter-in-controversy exceeds $75,000, exclusive of interest and costs.  This Court has personal jurisdiction over Innes, as he consented to litigate in this forum in Section 10(b) of the Transfer Agreement, and admitted in his answer that this Court has jurisdiction over him.

The Court has subject matter jurisdiction over Counterclaim-Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367 because some of the claims involve federal questions and the others are subject to supplemental jurisdiction.

4.      **Summary of factual stipulations or agreements;**

The parties do not have any factual stipulations or agreements at this time.

5.      **Statement of whether jury trial has been timely demanded by any party;**

Defendant demanded a jury trial in his Answer, Affirmative Defenses, and Counterclaims, filed July 6, 2026.

6. **Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;**

All process has been served. Plaintiffs are challenging defendant's counterclaims and affirmative defenses with a motion to dismiss. Defendant plans to file an amended pleading, and plaintiffs have not yet filed an answer to defendant's counterclaims. There are no anticipated additional parties at this time.

7. **If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and**

None known at this time.

8. **If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.**

The parties do not request that the case be subject to the Rules of Procedure for Expedited Trials.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1.      The parties must make their initial disclosures required by Rule 26(a)(1) on or before September 8, 2026.

2.      The parties shall file with the Court an electronically stored information ("ESI") discovery protocol and a stipulated protective order ("SPO") before the commencement of discovery.  Defendant takes the position that consistent with Fed. R. Civ. P. 26, the Parties may serve discovery requests immediately after the conferral required by Rule 26(f), which occurred on July 24, 2026, with production delayed until a protective order with ESI protocols is entered.  Plaintiffs take the position that document discovery should commence only after the entry of these orders, as plaintiffs will be unable to adequately respond to document requests without entry of these orders (for example, burden may vary depending on the ESI Protocol).

3.      Fact discovery procedures shall be commenced in time to be completed on or before June 25, 2027.

4.      The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

5.      The parties propose that the Court limit the use and number of discovery procedures as follows:

a.      No more than a total of 10 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

b.    No more than 50 document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

6.    No more than one Rule 35 Medical Examinations shall be taken by Plaintiffs/Counter-claim Defendant and completed by June 15, 2027. Defendant/Counterclaim Plaintiffs does not believe that Plaintiffs/Counterclaim Defendant are entitled to any Rule 35 Medical Examination.  Defendant/Counterclaim Plaintiffs requests that no more than one Rule 35 Medical Examination be allowed.

7.    No more than 12 depositions, excluding expert witness depositions, shall be taken by either side.

8.    Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions: Depositions of the Parties and expert shall be taken in person. Depositions of non-Parties may be taken remotely by the stipulation of the Parties.

9.    The parties have agreed upon the following additional limitations on discovery procedures: The parties shall confer and agree upon a reasonable limitation on the scope of documents requested from the third-party company that hosts the parties' primary form of electronic communications, Discord.  This limitation will include the temporal scope of the requests and the number of individual chats requested.  Such agreement will be memorialized in the parties stipulated ESI discovery protocol order.

10.    Other discovery issues.

a.    **Discovery of Electronically Stored Information**.  The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: The parties anticipate significant electronic discovery in this matter and, therefore, will jointly submit a proposed ESI protocol.  The parties agree that they will identify custodians and databases, utilize reasonably limited search terms to identify relevant ESI, and to limit subpoenas to third-party database, Discord.

b.    **Claims of Privilege or Protection**.  The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other

agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. The parties agree that electronic communications with counsel on or after March 17, 2026 need not be included in the privilege log. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

## EXPERT DISCOVERY

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1.      Plaintiffs anticipate calling up to 7 experts. Defendant anticipates calling up to 3 experts. Each side may take one deposition per expert.

2.      Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

a.    Identities by Plaintiffs on or before June 25, 2027.

Disclosures by Plaintiffs on or before August 27, 2027.

b.    Identities by Defendant on or before June 25, 2027.

Disclosures by Defendant on or before August 27, 2027.

c.    Rebuttal identities and disclosures on or before September 24, 2027.

3.    Expert discovery, including depositions, shall be completed by October 15, 2027.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1.    Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before January 15, 2027.

2.    All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before January 15, 2027.

3.    Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before July 9, 2027.

4.    All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before October 29, 2027.

## PROTECTIVE ORDER

The parties intend to jointly submit a proposed SPO before the commencement of discovery.

## DISPOSITIVE MOTION DEADLINES

The parties **do not** believe that expert discovery must be completed before dispositive motions are filed.  The parties recommend that all dispositive motions be filed and served on or before September 3, 2027.

## SETTLEMENT

1.      The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant.  The results of that discussion, including any proposals or recommendations, are as follows: The parties discussed settlement before the action was initiated and quickly reached an impasse.  The parties further discussed settlement in connection with the filing of this Report.  Due to the zero-sum nature of this dispute, *i.e.,* who is the rightful owner of *Forsaken*, the parties believe that the most productive time for a private mediation will be in May or June of 2027, toward the end of fact discovery.

## TRIAL

1.      Trial by Magistrate Judge:

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).  (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2.      The parties agree that this case will be ready for trial on December 6, 2027. The anticipated length of the **jury** trial is ten days.

**Page 12 –**      **RULE 26(F) REPORT**

Dated: July 30, 2026                    **MARKOWITZ HERBOLD PC**


By:    */s/ Joseph M. Levy*
       Joseph M. Levy, OSB #231905 (*pro hac vice*)
       JosephLevy@MarkowitzHerbold.com
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone:    (503) 295-3085
Facsimile:    (503) 323-9105


and

Andrew S. Dosdall, Bar No. 0391076
ADosdall@Taftlaw.com
**TAFT STETTINIUS & HOLLISTER LLP**
2200 IDS Center 80 South 8th Street
Minneapolis, MN  55402-2210
Telephone:    (612) 977-8400
Facsimile:    (612) 977-8650

*Attorneys for Plaintiffs*
*Eli Adams and Reyna Balboa*

**SAUL EWING LLP**

*/s/ Erin Westbrook*
Erin Westbrook (MN #0393072)
90 South Seventh Street, Suite 3900
Minneapolis, MN  55402
612-225-2946
erin.westbrook@saul.com

and

Jonathan B. Loiterman (*pro hac vice*)
Stephen A. Cazares (*pro hac vice*)
FOUNDATION LAW GROUP, LLP
4100 Alameda Avenue, 3rd Floor
Burbank, California 91505
(541) 930-2688
jon.loiterman@foundationlaw.com
scazares@foundationlaw.com

*Attorneys for Defendant and*
*Counterclaim Plaintiff Peter Innes*