**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eli Adams, an individual, and
Reyna Balboa, an individual,

Plaintiffs,

v.

Peter Innes, an individual,

Defendant.

Case No. 26-cv-2415 (JMB/SGE)

**PRETRIAL SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines. This includes, but is not limited to, promptly bringing disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet and confer process. In other words, simply because this schedule establishes a deadline for filing a particular non-dispositive motion does not mean that a motion brought by that deadline will automatically be considered to have been timely filed if the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and if it appears that with the exercise of diligence, the motion could have been brought sooner.

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed issues about preservation, disclosure, production and discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f). discoverable information. The parties agree upon the following:

**The parties agree that they will identify custodians and databases, utilize reasonably limited search terms to identify relevant ESI, and to limit subpoenas to third-party database, Discord.**

The parties will also discuss a plan and protocol for any electronic discovery and any preservation issues and shall jointly file a proposed e-discovery order, identifying any terms on which the parties disagree by **September 8, 2026**. The parties are advised that an e-Discovery Guide is available on the Court's website ***http://www.mnd.uscourts.gov***.

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **September 8, 2026**.

[1] Parties who agree to seek a modification of this Scheduling Order must file a joint motion with the proposed order to the Court.

2. The parties must commence fact discovery procedures in time to be completed on or before **June 25, 2027**.

## ADDITIONAL DISCOVERY LIMITATIONS

The following discovery limitations apply:

1. No more than a total of **10** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

2. No more than **50** document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

3. No more than **12** factual depositions, excluding expert witness depositions, shall be taken by each side.

4. The parties have reached the following additional agreement concerning the taking of depositions:

   **Depositions of the Parties and expert shall be taken in person. Depositions of non-Parties may be taken remotely by the stipulation of the Parties.**

5. If the parties are unable to agree on the appropriateness of a Rule 35 examination, any party seeking a Rule 35 examination is obligated to bring a motion under Rule 35, to show good cause for the examination, and to otherwise meet the requirements of that Rule before such an examination will be granted.

6. The following additional agreement on discovery applies:

   **The parties shall confer and agree upon a reasonable limitation on the scope of documents requested from the third-party company that hosts the parties' primary form of electronic communications, Discord. This limitation will include the temporal scope of the requests and the number of individual chats requested. Such agreement will be memorialized in the parties stipulated ESI discovery protocol order.**

## DEADLINES FOR EXPERT DISCOVERY

1. Plaintiff anticipates calling up to **7** experts. Defendant anticipates calling up to **3** experts. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Identities by the Plaintiff and Defendant on or before **June 25, 2027**.

   b) Disclosures by the Plaintiff and Defendant on or before **August 27, 2027**.

   c) Rebuttal identities and disclosures on or before **September 24, 2027**.

3. Expert discovery, including depositions, shall be completed by **October 29, 2027**.

**PRIVILEGE LOG**

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

**NON-DISPOSITIVE MOTION DEADLINES**

1. All motions that seek to amend the pleadings, add parties or to include punitive damages must be filed and served on or before **January 15, 2027**.

2. All non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **July 9, 2027**.

3. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **October 29, 2027**.

**DISCOVERY DISPUTES**

Before moving for an order relating to discovery, the movant must request an informal conference with the Court. The purpose of this call is to explore narrowing the

discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Elkins_Chambers@mnd.uscourts.gov stating:

a) the discovery dispute;

b) whether all parties agree to informal dispute resolution; and

c) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

**NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1. The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling or emailing Magistrate Judge Elkins' Courtroom Deputy at 651-848-1210 or Elkins_Chambers@mnd.uscourts.gov prior to filing. Even if the parties agree that a

motion can be submitted on the papers without oral argument, the Courtroom Deputy must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides. Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time, and location of the hearing. The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits. Your arguments should be precise. To the extent a burden is asserted, support for this position must be included.

**INFORMAL DISPUTE RESOLUTION**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. Typically, if the informal dispute resolution ("IDR") process is used, the matter is not briefed and declarations and sworn affidavits are not filed. Consequently, the matter is not appropriate for appeal to the District Judge or the Eighth Circuit. Therefore, all parties must agree to use the IDR process. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a telephone conference. The parties will then be allowed to each email to Elkins_Chambers@mnd.uscourts.gov a short letter setting forth the issue(s) to be resolved. If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the telephone hearing.

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the telephone hearing.

**DISPOSITIVE MOTIONS**

**Judge Jeffrey M. Bryan**

All dispositive motions shall be filed by the moving party on or before **September 3, 2027**. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance

with Local Rule 7.1. Counsel shall schedule the hearing by emailing the request to Judge Bryan's chambers at: Bryan_chambers@mnd.uscourts.gov.

Judge Bryan does not require paper copies of any filings unless specifically requested. Judge Bryan generally requests courtesy copies when the briefing is extensive and/or are accompanied by voluminous exhibits.

**PROTECTIVE ORDER**

If either party believes a Protective Order is necessary, the parties shall jointly file a proposed Protective Order, prominently identifying any terms on which the parties disagree, on or before **September 9, 2026**. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are *compelling* reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary. If a party files a document containing confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Shannon G. Elkins shall conform to Exhibit A attached hereto.** Counsel shall provide the Court with a courtesy PDF copy of the unredacted documents with the redacted information highlighted in yellow by emailing Elkins_Chambers@mnd.uscourts.gov.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to

discovery served in this case is deemed confidential by the producing party and a protective order has not yet been entered, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

**HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases and any amendments to that Local Rule. If a joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule. For example:

(A) Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:

(i) briefly describe the document;

(ii) explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

(iii) identify any nonparty who has designated the document or information in the document as confidential or proprietary.

(B) Party to File Joint Motion. Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form." *Attached here.* The current form includes a list of example explanations in a footnote. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing.

**SETTLEMENT STATUS LETTERS & CONFERENCE**

On or shortly before **February 12, 2027**, and **May 12, 2027**, counsel for each party shall submit CONFIDENTIAL letters to the Court setting forth with reasonable specificity the status of the case; the relative strengths and weaknesses of each party's position; an update of efforts toward settlement; the last settlement positions of the parties; whether a settlement conference with a private mediator or the court would be productive; and a litigation budget. Each letter shall not exceed three pages. On or shortly before the date each such letter is due, counsel for the parties shall meet and confer to discuss the status of the case and discuss settlement.

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted by email to Elkins_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

**TRIAL**

This case will be ready for a **jury** trial on or about **December 6, 2027**. The anticipated length of trial is **10** days.

Date: August 6, 2026

*s/ Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH MAGISTRATE JUDGE SHANNON G. ELKINS

| | | | Mark "X" in Applicable Column | | | | |
|---|---|---|---|---|---|---|---|
| **Docket No.** | **Description of Document** | **Relevant Page Numbers** | **Parties Agree Doc. Should Remain Sealed** | **Parties Agree Doc. Should Be Unsealed** | **Parties Disagree** | **Nonparty that Designated Doc. Confidential (If Any)** | **Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order)** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| | | | Mark "X" in Applicable Column | | | | |
|---|---|---|---|---|---|---|---|
| **Docket No.** | **Description of Document** | **Relevant Page Numbers** | **Parties Agree Doc. Should Remain Sealed** | **Parties Agree Doc. Should Be Unsealed** | **Parties Disagree** | **Nonparty that Designated Doc. Confidential (If Any)** | **Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order)** |
| *26* | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| *26* | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |