UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eli Adams, an individual, and
Reyna Balboa, an individual,

Plaintiffs,

v.

Peter Innes, an individual,

Defendant.

Court File No. 0:26-cv-02415-JMB-SGE

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the folloswing Stipulated Protective Order. The parties acknowledge that this Order is entered under Fed. R. Civ. P. 26(c) and that the filing of protected material remains governed by D. Minn. LR 5.6. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. Consistent with the Court's August 6, 2026 Pretrial Scheduling Order, designation of material under this Order is not, standing alone, a sufficient basis for filing that material under seal.

2. DEFINITIONS

2.1 "CONFIDENTIAL" information or materials shall include the following documents and tangible things produced or otherwise exchanged: documents containing trade secrets, or proprietary or sensitive business information, non-public customer information

maintained by the producing party as confidential, personal identity information (not including online usernames), information that, if disclosed, could be detrimental to that party's business or the business of any of that party's customers, and information subject to a contractual obligation of confidentiality (including the June 29, 2025 Forsaken Transfer Agreement, as amended, and its terms), and personal identifiers of the kind described in Fed. R. Civ. P. 5.2 and D. Minn. LR 5.5. "CONFIDENTIAL" information shall not include any information or communications available to non-parties to this matter prior to the filing of the initial pleading in this matter provided that this exclusion shall not apply to medical, psychiatric, psychological, or counseling records or communications concerning the diagnosis or treatment of an individual.

2.2 Designating Party: a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.3 Challenging Party: a party or non-party that challenges the designation of information or items under this Protective Order.

2.4 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a party, of a party's affiliate, or of a party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a part or a party's affiliate.

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Producing Party: a party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Receiving Party: a party that receives Disclosure or Discovery Material from a Producing Party.

2.8 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, e-discovery, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.9 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.10 Outside Counsel of Record: attorneys who are not employees of a party and who have appeared in this action on behalf of a party, together with their firms and the partners, associates, contract attorneys, paralegals, and staff of those firms.

2.11 Party: any party to this action, including in its capacity as a counterclaim plaintiff or counterclaim defendant.

3. SCOPE

The protections conferred by this Protective Order cover not only protected material (as defined above), but also (1) any information copied or extracted from protected material; (2) all copies, excerpts, summaries, or compilations of protected material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal protected material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Protective Order, including becoming part of

the public record through trial or otherwise; and (b) any information lawfully known to the receiving party prior to the disclosure and not subject to any obligation of confidentiality owed to the designating party or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party. Any use of protected material at trial shall be governed by a separate agreement or order. Information does not enter the public domain for purposes of subsection (a) by reason of a disclosure that itself breached a contractual, statutory, or other legal obligation of confidentiality, or that violated this Order. Nothing in this Order relieves any party of, or limits, any contractual obligation of confidentiality, including under the Transfer Agreement; the protections of this Order are in addition to, and not in lieu of, those obligations.

4. ACCESS TO AND USE OF PROTECTED MATERIAL

4.1 Basic Principles. A receiving party may use protected material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected material may be disclosed only to the categories of persons and under the conditions described in this agreement. The receiving party may not disclose any protected material or information gathered through protected material to any third party, including media outlets and social media. Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. All disclosure or discovery material produced in this action designated as protected material shall be used solely for purposes of this action and not for any other purpose, including any other proceeding or dispute or any communication with a platform or service provider; provided, however, that any Party may use such material in any proceeding between or among the Parties involving the FORSAKEN marks, including proceedings concerning Application Serial Nos. 99647205 and 99647199 and any

related proceeding or appeal, subject to entry in that proceeding of a protective order affording comparable protection Except as provided herein, no party shall publish, post, stream, or otherwise disseminate any disclosure or discovery material, or its substance, on any social media, video, streaming, gaming, or community platform, or provide any such material to any journalist, content creator, or member of the public.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose, summarize, describe, characterize or otherwise communicate or make available in whole or in part any confidential material only to:

(a) the parties themselves, to whom disclosure is reasonably necessary for this litigation;

(b) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) the officers, directors, employees, and contractors of the receiving party to whom disclosure is reasonably necessary for this litigation However, dissemination of the disclosing party's Confidential information by the receiving party shall be limited to persons within the Party's organization having a reason to receive such information in connection with the prosecution or defense of the action. A disclosing party's Confidential information shall not be disseminated by the receiving party to its employees for any other reason. The parties shall ensure that all employees in receipt of Confidential information shall abide by the limitations set forth herein;

(d) experts, consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court, court personnel, and court reporters and their staff;

(f) any mediator or settlement neutral retained by the parties, and that neutral's staff;

(g) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(h) an artificial intelligence ("AI") provider only where such provider is contractually prohibited from: (1) storing or using inputs from Confidential Information to train or improve its model; and (2) disclosing inputs to any third party except where such disclosure is essential to facilitating delivery of the service. Where disclosure to a third party is essential to service delivery, any such third party shall be bound by obligations no less protective than those required by this Order. In addition, the AI provider must contractually afford the party or authorized recipient the ability to remove or delete all Confidential Information upon request. A party intending to use AI that it contends meets these requirements must retain written documentation of these contractual protections. Notwithstanding the above, the parties understand and agree that Claude Enterprise AI platforms fully comply with this paragraph without modification.

(i) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have either (1) signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A) or (2) been informed on the record during the deposition of the confidentiality obligations under this Order and agreed on the record to comply, unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(j) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Filing Protected Material. Before filing protected material or discussing or referencing such material in court filings in the United States, including those before the U.S. District Court for the District of Minnesota, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5.6, to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Rule 5.6 otherwise sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Rule 5.6, even if it is not the party filing the motion to seal. The filing party shall give the designating party written notice at least five business days before the anticipated filing, or as soon as practicable if the filing party's deadline does not allow five business days' notice. If the designating party does not respond within that period, the filing party may file the material publicly. Any filing under seal shall comply with D. Minn. LR 5.6 and the Court's August 6, 2026 Pretrial Scheduling Order, including the

requirements that sealing be limited to the specific information that is genuinely confidential, that any joint motion regarding continued sealing conform to Exhibit A to that Order, and that counsel provide chambers a courtesy PDF copy of the unredacted document with the redacted information highlighted in yellow.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. An initial designation of an entire production received from a non-party, made pending review under Section 5.4, does not violate this Section, provided the designating party withdraws the designation as to material that does not qualify within a reasonable time after completing its review.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for

protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the producing party must affix the words "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect protected materials at trial, the issue should be addressed during the pre-trial conference.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing protected material shall have an obvious legend on the title page that the transcript contains protected material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as protected material and the level of protection being asserted by the designating party.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d) Electronic information: For protected material that is disclosed or produced in non-paper medium (*e.g.*, electronic files, videotape, DVD, CD, audiotape, computer disks, etc.) ("Electronic information"), by affixing the legend "Confidential" on the medium, if possible, and its container, if any, so as to clearly give notice that the medium contains protected information. Documents produced in PDF and TIFF image format on a CD-ROM or other non-paper medium shall be marked in the manner provided for in Section 5.2(a) above. For a non-PDF electronic file containing confidential or highly confidential information that is produced in native format, the production shall include corresponding slip sheet bearing the "Confidential" designation and such designation may also be appended to the file name.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. In the case of protected material that is produced without a confidentiality designation or with the wrong confidentiality designation, within fourteen (14) days of the discovery that undesignated discovery was produced, the disclosing party shall deliver to each party a new copy of the protected material with the appropriate designation. The protected material that was previously produced without a confidentiality designation shall be destroyed or returned to its recipients upon receipt of the identical protected material with the appropriate designation stamp, otherwise the receiving party

shall abide by notification that the previously undesignated materials were meant to be designated confidential or highly confidential.

A receiving party shall not be in breach of this Order, and shall have no liability, for any disclosure made before it received notice of the corrected designation. Where return or destruction of the previously produced copy is not reasonably practicable, including for material residing in an electronic review platform or on backup systems, the receiving party may instead confirm in writing that it will treat the material in accordance with the corrected designation.

5.4 Material Produced by Non-Parties and by Other Parties. Disclosure or Discovery Material produced by a non-party shall be treated by all parties as "CONFIDENTIAL" upon receipt. Any party may designate such material as "CONFIDENTIAL" within thirty days after receipt, by written notice to all parties identifying the material in the manner permitted by Section 5.2(a). Material not designated within that period is no longer subject to the interim treatment required by this Section, except that a party may thereafter designate material for good cause shown. A party designating material under this Section is a designating party for all purposes of this Order.

5.5 No Waiver of Privilege by Non-Party Production. Production of material by a non-party does not waive any privilege or protection held by any party, and the parties intend the non-waiver provisions of this Order, including those entered under Fed. R. Evid. 502(d), to apply fully to material produced by a non-party. Any party may assert a claim of privilege or protection over material produced by a non-party within thirty days after receipt, or promptly after the claim is discovered if later, and the procedure in Section 10 shall then apply.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting, a videoconference, or a telephone conference; an exchange of correspondence, email, or voice messages is not sufficient. Before filing any motion, the parties shall also comply with the informal conference requirement in the Court's August 6, 2026 Pretrial Scheduling Order and shall consider whether the dispute can be resolved through the Court's informal dispute resolution process

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The designating party must do so within thirty days after the parties reach impasse; if it does not, the challenged designation is withdrawn and the material shall be treated as not designated. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that party must:

(a) notify the designating party in writing within five business days, and in any event before the compliance date, and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected.

(d) not produce the protected material before the later of the compliance date or the resolution of any timely motion by the designating party, unless ordered to do so by the court from which the subpoena or order issued.

8. NON-PARTY DISCOVERY AND NON-PARTY PROTECTED MATERIAL

A non-party from whom discovery is sought in this action, including Discord, Inc. and Roblox Corporation, may invoke and receive the protections of this Order by so stating in writing to all parties at or before the time of production, and shall thereafter be treated as a designating party for all purposes. A party that serves a subpoena on a non-party shall attach a copy of this Order to the subpoena and shall serve a copy of the subpoena on all other parties at the same time it is served. If a discovery request or subpoena calls for material that another party or a non-party has designated, or would be entitled to designate, as protected material, the party receiving the request shall promptly notify that party or non-party so that it may seek protection. A subpoena

to a provider of an electronic communication service or remote computing service shall direct that any production be made simultaneously to all parties, so that the periods in Sections 5.4 and 5.5 run concurrently for all parties.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. In the event of a conflict between this Order and any electronically stored information discovery protocol order entered in this action, the protocol order controls as to the manner of production and this Order controls as to confidentiality and privilege non-waiver.

11. FINAL DISPOSITION AND RETURN OR DESTRUCTION OF PROTECTED MATERIAL

Within 60 days after the termination of this action, including all appeals, each receiving party must return all protected material to the producing party, including all copies, extracts, and summaries, or destroy that material, and must certify its compliance in writing to the producing party within that period. This obligation does not extend to protected material residing solely on disaster-recovery or archival backup systems that are not reasonably accessible, which shall remain subject to this Order until deleted in the ordinary course.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

Protected material that constitutes protected health information within the meaning of 45 C.F.R. § 160.103 shall be returned or destroyed at the conclusion of this action and shall not be used or disclosed for any purpose other than this action. The parties intend this Order to be a qualified protective order within the meaning of 45 C.F.R. § 164.512(e)(1)(v).

The Court retains jurisdiction to enforce, modify, or interpret this Order after this action is terminated.

12. MISCELLANEOUS

12.1 No Evidentiary Effect. The designation or non-designation of material under this Order is not an admission by any party, is not evidence of whether any information is or is not

confidential under the Transfer Agreement or otherwise, and is not admissible for any purpose in any action.

12.2 No Waiver. Producing material under this Order does not waive any objection to discovery or any privilege or protection, and does not constitute a disclosure prohibited by the Transfer Agreement.

12.3 Own Material. This Order does not limit a designating party's use or disclosure of its own material.

12.4 Personal Identifiers. Nothing in this Order relieves any party of its obligations under Fed. R. Civ. P. 5.2 and D. Minn. LR 5.5.

12.5 Modification. Any party may seek modification of, or relief from, this Order on motion and for good cause.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: October 2, 2026.

TAFT STETTINIUS & HOLLISTER LLP

By: */s/ Andrew S. Dosdall*
Andrew S. Dosdall, Bar No. 0391076
ADosdall@TaftLaw.com

MARKOWITZ HERBOLD PC
Joseph M. Levy, admitted *Pro Hac Vice*
JosephLevy@MarkowitzHerbold.com
*Attorneys for Plaintiffs Eli Adams and Reyna Balboa*

FOUNDATION LAW GROUP, LLP

By: */s/ Jonathan B. Loiterman*
Jonathan B. Loiterman
Jon.Loiterman@FoundationLaw.com
Stephen A. Cazares
SCazares@FoundationLaw.com

SAUL EWING LLP
Erin E. Westbrook
Westbrook@Saul.com
*Attorneys for Defendant Peter Innes*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Upon notice of a claim of privilege or protection, the receiving party shall promptly return, sequester, or destroy the specified information and any copies in accordance with Fed. R. Civ. P. 26(b)(5)(B), and may present the information to the Court under seal for a determination of the claim

DATED:________________________

________________________________
Hon. Shannon G. Elkins
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ___________________________________ [print or type full name], of _____________ ____________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Minnesota on _____________________ in the case of *Eli Adams et al. v. Peter Innes*, Case No. 0:26-cv-02415-JMB-SGE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _________________________

City and State where sworn and signed: ____________________________

Printed name: ______________________________

Signature: ___________________________